

# IN THE
# TENTH COURT OF APPEALS

### No. 10-10-00244-CV

## IN THE INTEREST OF G.B. II, A CHILD

**From the 52nd District Court**
**Coryell County, Texas**
**Trial Court No. 38594**

## OPINION

The parental rights of E.F. to her child, G.B.II were terminated by the trial court after a bench trial. E.F. appealed that decision. We affirm.

### BACKGROUND

E.F. was in prison when G.B.II was born. She returned to prison, leaving G.B.II at the hospital without making arrangements for the baby. E.F. was released from custody almost five months later and was placed in a "transition center" in Austin. Almost a year after G.B.II's birth, E.F. was attending bi-weekly visits with G.B.II but did not bring anything with her to the visits. When E.F. would call the Department to inquire about the visits, she would not ask how G.B.II was doing. As of ten days before the final hearing in April of 2010, E.F. still had bi-weekly visits with G.B.II but still failed to bring much with her to the visits. However, by the date of the final hearing ten days

later, E.F. had left the State without notifying the Department.  Her caseworker did not know where E.F. was currently living.  Her caseworker also was aware that prior to E.F. leaving the State, E.F. had been homeless for quite some time.

## HOME STUDY

E.F. states as her first issue:  "The Department is obligated under Section 262.114 of the Texas Family Code to conduct home studies on all possible relative placements, and the failure to do so in this case constitutes reversible error."  Essentially, the issue presented is whether the Department's failure to obtain or complete a home study as required by section 262.114 prevents termination of E.F.'s parental rights.

Section 262.114 provides:

> Before a full adversary hearing under Subchapter C, the Department of Family and Protective Services must perform a background and criminal history check of the relatives or other designated individuals identified as a potential relative or designated caregiver, as defined by Section 264.751, on the proposed child placement resources form provided under Section 261.307.  The department shall evaluate each person listed on the form to determine the relative or other designated individual who would be the most appropriate substitute caregiver for the child and must complete a home study of the most appropriate substitute caregiver, if any, before the full adversary hearing.  Until the department identifies a relative or other designated individual qualified to be a substitute caregiver, the department must continue to explore substitute caregiver options.  The time frames in this subsection do not apply to a relative or other designated individual located in another state.

TEX. FAM. CODE ANN. § 262.114(a) (West Supp. 2010) (footnote omitted).

However, courts have held that the failure to conduct or obtain a home study pursuant to section 262.114 is not a bar to termination.  *Frank R. v. Tex. Dep't of Family & Protective Servs.*, No. 03-09-00436-CV, 2010 Tex. App. LEXIS 2763, *7 (Tex. App.—Austin

Apr. 13, 2010, no pet.); *In the Interest of J.F.*, No. 02-08-00183-CV, 2007 Tex. App. LEXIS 8108, *19-24 (Tex. App.—Fort Worth Oct. 11, 2007, pet. denied); *In the Interest of C.C.*, No. 02-04-00206-CV, 2005 Tex. App. LEXIS 4096, *20 (Tex. App.—Fort Worth May 26, 2005, no pet). Additionally, a trial court does not abuse its discretion in determining that it would be against the children's best interest to delay the suit to evaluate a relative, risking dismissal of the case. *In re Northrop*, 305 S.W.3d 172, 177-178 (Tex. App.—Houston [1st Dist.] 2009, no pet.); *In the Interest of C.C.*, 2005 Tex. App. LEXIS 4096 at *20. Further, E.F. provides no authority, and we have found none, that suggests there is either a statutory or a common-law duty imposed on the Department to make a placement with a relative before a party's parental rights may be terminated.

Even if section 263.114 mandated the completion of a home study before termination could occur, it would not be a bar to termination in this case. The relative on whom a home study had not been completed lived in South Carolina. As the last sentence of the statute states, "The time frames in this subsection do not apply to a relative or other designated individual located in another state." TEX. FAM. CODE ANN. § 262.114(a) (West Supp. 2010). By its own language, section 263.114 does not apply to the underlying case in this appeal.

Accordingly, E.F.'s first issue is overruled.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

By her second issue, E.F. contends that trial counsel's failure to timely request findings of fact and conclusions of law constitutes ineffective assistance of counsel. E.F. filed a statement of points with the trial court, but she did not include this issue as one

of her points.  Pursuant to the Texas Family Code, we may not address an issue that is not included in a timely filed statement of points.  TEX. FAM. CODE ANN. § 263.405(i) (West 2008); *In re J.H.G.*, 302 S.W.3d 304, 306 (Tex. 2010).  An appellant may make a due process claim and raise ineffective assistance of counsel on appeal when there is a complete failure to file the statement of points which precludes the reviewing court from considering a meritorious complaint.  *See In re J.O.A.*, 283 S.W.3d 336 (Tex. 2009); *see also In the Interest of B.G.*, 317 S.W.3d 250, 256 (Tex. 2010).  However, that is not the situation here because a statement of points was filed.  Further, even if a statement of points had not been filed, E.F. did not raise a due process claim on appeal.

Accordingly, E.F.'s failure to challenge the effectiveness of her trial counsel in her statement of points waives the issue on appeal.[1]  *See In re J.H.G.*, 302 S.W.3d 304, 306 (Tex. 2010).

---

[1] If we could review this issue, we would overrule it.  In a trial to the court where no findings of fact or conclusions of law are filed, the trial court's judgment implies all findings of fact necessary to support it. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989).  However, where a reporter's record is filed, as in this case, these implied findings are not conclusive, and an appellant may challenge them by raising both legal and factual sufficiency of the evidence issues. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002).  E.F. has raised a factual sufficiency of the evidence issue.  Consequently, E.F. has not shown that her counsel's representation fell below the standard of prevailing professional norms by not timely requesting the trial court to enter findings of fact and conclusions of law. *See In the Interest of M.C.T.*, 250 S.W.3d 161, 172 (Tex. App.—Fort Worth 2008, no pet.).  Further, the procedural history of this case is somewhat unusual. *In Interest of G.B.*, No. 10-10-00244-CV, 2010 Tex. App. LEXIS 9471 (Tex. App.—Waco Nov. 24, 2010, order) (not designated for publication) (attached as an appendix to this opinion).  That history reflects some substantial thought was given to various procedural issues.  In particular, post judgment decisions were made which resulted in counsel having substantial additional time before the judgment was final for purposes of appeal as well as for purposes of section 263.405. TEX. FAM. CODE ANN. § 263.405 (West 2008).  Without more to establish that having the relatively few findings that are implied by the judgment reduced to writing was in some manner critical to the appeal, we could not hold that counsel was ineffective for not requesting them sooner.

## FACTUAL SUFFICIENCY

In her third issue, E.F. argues that the evidence is factually insufficient to justify termination of her parental rights. The trial court found two predicate acts required for termination and found that termination was in the best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001(1)(N), (O) & (2) (West Supp. 2010). E.F. contests the sufficiency of the evidence as to both predicate acts but not as to the best interest finding.

Termination decisions must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. §§ 161.001, 161.206(a) (West 2008 & Supp. 2010). Evidence is clear and convincing if it "will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Id*. § 101.007 (West 2008). In reviewing the evidence for factual sufficiency, we give due deference to the fact-finder's findings and do not supplant the judgment with our own. *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006). We must determine whether, on the entire record, a fact-finder could reasonably form a firm conviction or belief that the parent violated the relevant provisions of section 161.001(1) and that the termination of the parent-child relationship would be in the best interest of the child. *In the Interest of C.H.*, 89 S.W.3d 17, 28 (Tex. 2002). If, in light of the entire record, the disputed evidence that a reasonable fact-finder could not have credited in favor of the finding is so significant that a fact-finder could not reasonably have formed a firm belief or conviction in the truth of its finding, then the evidence is factually insufficient. *H.R.M.*, 209 S.W.3d at 108.

E.F. contends the evidence is factually insufficient to support the trial court's finding that E.F. constructively abandoned G.B.II because there was "no testimony" that she failed to regularly visit or maintain significant contact with G.B.II and there was "no evidence" that she was unable to provide G.B.II with a safe environment. *See* TEX. FAM. CODE ANN. § 161.001(1)(N)(ii) & (iii) (West Supp. 2010).

Although E.F. regularly visited G.B.II once she was released from prison and then a transition center, she did not maintain *significant* contact with him. She did not bring anything with her to the visits and did not inquire about G.B.II's well-being when calling the Department. Further, sometime between the date the "Final Hearing Court Report" was filed and the date the final hearing was held, that being ten days, E.F. left the State without notifying the Department. E.F. also could not provide G.B.II with a safe environment because she had been homeless for some time and left the State without letting the Department know where she was living. After reviewing the entire record, we find a fact-finder could reasonably form a firm conviction or belief that E.F. constructively abandoned G.B.II.

Because only one predicate act, in this case subsection (N), under section 161.001(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest, we do not reach E.F.'s complaint regarding the trial court's finding under subsection (O). *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). Accordingly, E.F.'s third issue is overruled.

## CONCLUSION

Having overruled each issue properly presented, we affirm the trial court's judgment.


        TOM GRAY
        Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed June 1, 2011
[CV06]

# APPENDIX



**IN THE**
**TENTH COURT OF APPEALS**
_____

**No. 10-10-00244-CV**

**IN THE INTEREST OF G.B. II, A CHILD**
_____

**From the 52nd District Court**
**Coryell County, Texas**
**Trial Court No. 38594**

## O R D E R

This proceeding provides a good example of why the final termination proceeding should not be heard by an associate judge unless there is an agreement to not have a de novo hearing before the referring court. In this proceeding, the associate judge signed an order terminating the parental rights of E.F. and G.B. to their child, G.B. II, on May 14, 2010.[2] E.F. timely requested a de novo review of the associate judge's order. TEX. FAM. CODE ANN. § 201.015(a) (Vernon Supp. 2009). The matter was set for hearing before the referring judge on May 20, 2010. The record indicates that E.F.'s trial counsel intended to "pass" on the hearing and waive her right to a de novo hearing; however, there is not an entry on the docket sheet reflecting the waiver on that date.

---

[2] G.B. is not a party to this appeal.

On June 25, 2010, E.F. filed a notice of appeal and a waiver of the de novo hearing. This Court responded by questioning its jurisdiction because it appeared that E.F. was attempting to appeal from an order that was not final and requested the parties brief the issue. TEX. FAM. CODE ANN. § 201.106(b) (Vernon 2008).

We first determine whether the notice of appeal was timely filed. The initial question before us is when E.F. waived de novo review resulting in the associate judge's order becoming the order of the referring court. TEX. FAM. CODE ANN. § 201.2041(a) (Vernon 2008). While we do not approve of the delay caused by requesting a hearing and then waiving it, the associate judge's order became final only when the hearing was expressly waived on June 25, 2010. The notice of appeal was timely filed on the same date as the waiver. The notice of appeal was timely.

We next determine whether, in view of our order on August 11, we will proceed on the associate judge's determinations or the determinations of the referring court. In the August 11 order, in an attempt to expedite the hearing process, this Court directed the referring court to conduct all hearings, to the extent not already held, to comply with TEX. FAM. CODE ANN. § 263.405 (Vernon 2008). Unknown to this Court at the time of the order, the associate judge had already held a section 263.405 hearing and made determinations. The referring court, in an effort to comply with this Court's order, held another 263.405 hearing. However, because the associate judge had already conducted the 263.405 hearing and made determinations, the referring court's determinations were not necessary under our August 11 order. Nevertheless, E.F. requested a de novo hearing of the associate judge's rulings from the 263.405 hearing. Thus, the next

question is whether a request for a de novo hearing by the referring court after the 263.405 hearing is proper under the process of referral to an associate judge.

Section 263.405(d) states that the "trial court" shall hold a hearing after the final order is signed. The associate judge was the trial court in this case. The associate judge held the section 263.405 hearing on July 23. Appeal from the section 263.405 hearing is directly to this Court and not to the referring court. TEX. FAM. CODE ANN. § 263.405(g). Allowing a de novo review by the referring court after the 263.405 hearing would impede the legislature's purpose of making this an accelerated appeal to expedite the process for bringing certainty to the lives of the children who are the subject of these suits. Therefore, we hold that we must proceed on the associate judge's order and that an "appeal" of a 263.405 hearing is not to the referring court.

The associate judge found that E.F. is indigent and that the appeal is frivolous. The Department does not challenge the associate judge's finding that E.F. is indigent. Therefore, we uphold the finding of indigency.

The associate judge found that the appeal was frivolous because the notice of appeal was untimely. Having found that the notice of appeal was timely, we reverse the associate judge's finding that the appeal is frivolous as untimely filed. Accordingly, the parties must proceed to merit briefing as soon as the full record is available. All appellate deadlines for filing the record and the briefs on the merits will run from the date of this order.

PER CURIAM

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
Order issued and filed November 24, 2010