

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00776-CV

In the Interest of **A.B.L.C.**, a Child

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-PA-00158
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:   Karen Angelini, Justice

Sitting:       Karen Angelini, Justice
               Rebeca C. Martinez, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed:  April 17, 2013

AFFIRMED

This is an appeal from an order terminating D.H.'s parental rights to her daughter, A.B.L.C. We overrule all of the issues presented on appeal, and affirm the trial court's termination order.

### THE TRIAL EVIDENCE

At trial, the Texas Department of Family and Protective Services presented evidence that it took custody of A.B.L.C. at the hospital shortly after her birth. A.B.L.C.'s meconium[1] tested positive for marijuana, and her urine tested positive for opiate. A.B.L.C.'s mother, D.H., also tested positive for marijuana while at the hospital. D.H. told a Department caseworker she had

---

[1] Meconium is defined as the "[f]irst feces of a newborn infant, made up of salts, amniotic fluid, mucus, bile, and epithelial cells." TABER'S CYCLOPEDIC MEDICAL DICTIONARY 1419 (21st ed. 2009). A caseworker testified that meconium is a "kind of a compilation of things that were…ingested…in utero."

smoked marijuana one week before A.B.L.C. was born. D.H. also told a Department caseworker that her parental rights had been terminated as to four other children. Copies of the orders terminating D.H.'s parental rights as to her four other children were admitted into evidence.

D.H. testified on her own behalf at trial. D.H. admitted she smoked marijuana at the beginning of her pregnancy to relieve nausea and vomiting. D.H. further testified that, about a month after A.B.L.C. was born, she signed an affidavit relinquishing her parental rights to A.B.L.C. According to D.H., she signed the affidavit because she was told it was the only way one of her family members would be considered as a potential caregiver for A.B.L.C. In addition, D.H. expressed a desire to revoke the affidavit.

After hearing all of the evidence, the trial court ordered the termination of D.H.'s parental rights to A.B.L.C. on two grounds. First, the trial court ordered that D.H.'s parental rights be terminated on the ground that she voluntarily left A.B.L.C. alone or in the possession of another without providing adequate support of the child and remained away for a period of at least six months. Second, the trial court ordered that D.H.'s parental rights be terminated on the ground that her parent-child relationship was terminated with respect to another child based on a finding that her conduct was in violation of § 161.001(1)(D) or (E) of the Texas Family Code. The trial court did not base its decision to terminate D.H.'s parental rights on her affidavit of relinquishment. D.H. appealed.

### FAILURE TO OFFER A SERVICE PLAN

D.H. argues the trial court erred by not offering her a service plan. According to D.H., a service plan would have given her an opportunity to show that she could parent A.B.L.C. The Texas Family Code provides the trial court may waive the requirement of a service plan if it finds the existence of aggravated circumstances. TEX. FAM. CODE ANN. § 262.2015(a) (West Supp. 2012). Aggravated circumstances include (1) the parent's parental rights with regard to

another child have been involuntarily terminated based on a finding that the parent's conduct violated Section 161.001(1)(D) or (E) of the Texas Family Code, or (2) the parent's parental rights with regard to two other children have been involuntarily terminated. TEX. FAM. CODE ANN. § 262.2015(b) (5), (7) (West Supp. 2012). Here, the evidence shows D.H.'s parental rights were involuntarily terminated as to four other children. The evidence also shows the termination of D.H.'s parental rights as to three of these children was based on a finding that D.H.'s conduct violated Section 161.001(1)(D) or (E) of the Texas Family Code. There was no error related to the trial court's failure to offer D.H. a service plan.

FAILURE TO CONSIDER A FAMILY MEMBER AS A CAREGIVER

D.H. next argues the Department failed to comply with section 262.114 of the Texas Family Code. Under section 262.114, the Department is required to perform a background check and evaluate each person identified as a potential relative or designated caregiver, and complete a home study of the most appropriate substitute caregiver, if any, before the full adversary hearing. *See* TEX. FAM. CODE ANN. § 262.114 (a) (West Supp. 2012). However, the failure to conduct or obtain a home study under section 262.114 does not preclude termination. *In re G.B. II*, 357 S.W.3d 382, 384 (Tex. App.—Waco 2011, no pet.). Additionally, the trial court has the discretion to determine that it would not be in the child's best interest to delay the suit to evaluate a relative. *Id.*

D.H.'s argument has no merit. The only evidence presented on this issue shows the Department complied with section 262.114(a) to the extent it was possible to do so. D.H. identified one person as a potential relative caregiver. The Department investigated this person and learned she had her own history with the Department. Thus, the Department concluded the relative identified by D.H. would not be an appropriate caregiver for A.B.L.C.

**RIGHT TO COUNSEL**

D.H. also argues she was not properly advised of her right to counsel, and that this omission violated her right to due process under the federal constitution. Initially, D.H. was represented by a court-appointed attorney ad litem. *See* TEX. FAM. CODE ANN. § 107.013(a)(1) (West Supp. 2012). Later, D.H. was represented by counsel she retained on her own. Retained counsel represented D.H. at trial.

The Texas Supreme Court has held that constitutional due process complaints in parental termination cases must be preserved in the trial court to be raised on appeal. *In re L.M.I.*, 119 S.W.3d 707, 710–11 (Tex. 2003). Here, the record does not show D.H. raised her constitutional due process complaint in the trial court. D.H.'s failure to raise her constitutional due process complaint in the trial court means she has waived this issue on appeal. *See id.*

**REMAINING ISSUES**

In her remaining issues, D.H. argues (1) the admission of evidence of her past criminal behavior was error, (2) she was forced to sign an affidavit of relinquishment under duress, and (3) she did not cause A.B.L.C. to be exposed to opiate in utero and the Department erred in concluding otherwise. Texas Rule of Appellate Procedure 38.1(i) requires an appellant's brief to contain clear and concise arguments "with appropriate citations to authorities." TEX. R. APP. P. 38.1(i). D.H.'s arguments regarding the remaining issues are not supported by any citation to authority. We therefore conclude D.H.'s remaining issues present nothing for review.[2] *See id.*; *In re B.L.*, No. 04-05-00621-CV, 2006 WL 1895450, at \*5 (Tex. App.—San Antonio 2006, pet. denied) (concluding in a parental termination case that an inadequately briefed issue presented nothing for review).

---

[2]In addition, in her briefing D.H. acknowledges that the admission of the evidence of her past criminal behavior did not cause the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a) (providing that no civil judgment may be reversed on appeal unless the appellate court concludes that it probably caused the rendition of an improper judgment).

**CONCLUSION**

The trial court's termination order is affirmed.

Karen Angelini, Justice