

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## 06-20-00031-CV

_____

IN THE INTEREST OF G.B., A CHILD

On Appeal from the County Court at Law
Bowie County, Texas
Trial Court No. 19C0646-CCL

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

After G.B.[1] reported numerous sexual assaults by Father and Mother's boyfriend, some of which occurred while Mother watched, she was removed from Mother's care on April 25, 2019. About one year later, the trial court terminated Mother's parental rights based on statutory grounds (D), (E), and (L) and its finding that termination of Mother's parental rights was in the best interest of G.B.[2] *See* TEX. FAM. CODE ANN. §§ 161.001(b)(1)(D), (E), (L), (b)(2) (Supp.). In this appeal, Mother complains that the trial court erred (1) in terminating her parental rights without placing G.B. with a suitable relative caregiver and (2) in admitting certain testimony from the caseworker. Because we find that the trial court did not err, we affirm the trial court's judgment.

## I.      The Trial Court Did Not Err by Terminating Mother's Parental Rights

In her first issue, Mother complains that the trial court erred in terminating her parental rights without placing G.B. with a suitable relative placement. In its order of termination the trial court appointed the Texas Department of Family and Protective Services (the Department) permanent managing conservator of G.B. Mother contends that the Department had a duty under Section 262.114 of the Texas Family Code to seek a placement with a relative or other person identified by Mother before seeking termination of her parental rights. *See* TEX. FAM. CODE ANN. § 262.114(a)(1) (Supp.). Mother asserts that the Department failed to consider a relative placement and that, therefore, termination of her parental rights was not in the child's best interest.

---

[1]We refer to the child by her initials and to her family members by pseudonyms. *See* TEX. R. APP. P. 9.8(b)(2).

[2]The trial court also terminated the parental rights of Father, who has not appealed.

Initially, we note that Mother does not challenge the sufficiency of the evidence supporting the statutory grounds for termination found by the trial court. She also does not challenge the sufficiency of the evidence supporting the trial court's best-interest finding.[3] Rather, the issue she presents is essentially whether the Department's failure to obtain or complete a home study[4] as required by Section 262.114 of the Texas Family Code prevents termination of her parental rights.

As Mother points out, when the Department determines that removal of the child may be warranted, it must provide a parent or other person having custody of the child with, *inter alia*, a form in which the person is requested to identify at least three potential relative caregivers or designated caregivers and to ask the child to identify any potential relative caregiver or designated caregiver. TEX. FAM. CODE ANN. § 261.307(a)(2)(A)(ii)–(iii) (Supp.). Section 262.114 then requires the Department to "perform a background and criminal history check of the relatives or other designated individuals identified as a potential relative or designated caregiver" by the parents or by the child and to "complete a home study of the most appropriate substitute caregiver."

---

[3]To the extent Mother's brief can be construed to challenge the sufficiency of the evidence supporting the trial court's best-interest finding, she has waived that complaint. "The Rules of Appellate Procedure require that the appellant's brief 'contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.'" *In re D.V.*, No. 06-16-00065-CV, 2017 WL 1018606, at *7 (Tex. App.—Texarkana Mar. 16, 2017, pet. denied) (mem. op.) (quoting TEX. R. APP. P. 38.1(i)); *see In re J.Y.*, 528 S.W.3d 679, 688 (Tex. App.—Texarkana 2017, no pet.). Mother's brief mentions that the Texas Supreme Court set out a list of factors to be considered in determining the child's best interest, citing *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). Her brief also asserts that Section 263.307(b), subsections (6) through (9), are additional factors that are applicable. *See* TEX. FAM. CODE ANN. § 263.307(b)(6)–(9). However, she does not state the *Holley* factors, provide any substantive analysis of how they apply in this case, or make appropriate citations to the record. Consequently, this issue is waived as inadequately briefed. *See D.V.*, 2017 WL 1018606, at *7.

[4]The evidence at trial showed that the Department had investigated the two potential relative placements identified by Mother, G.B.'s maternal grandmother (Grandmother) and her maternal great-aunt (Aunt). Based on the background and criminal history checks, the Department apparently eliminated Grandmother as a potential placement. Mother identified Aunt, who lives in Arkansas, as a potential placement in November, and the Department requested a home study of Aunt through Arkansas. The Department had not received a home study from Arkansas at the time of the final hearing.

TEX. FAM. CODE ANN. § 262.114(a)(1). However, Section 262.114 does not require the Department to place the child with a relative or designated caregiver. Rather, it provides that the Department "may place a child with a relative or other designated caregiver identified" by the parent or by the child "if the [D]epartment determines that the placement is in the best interest of the child." TEX. FAM. CODE ANN. § 262.114(b) (Supp.).

Mother has cited no authority, and we have found none, holding that the Department has a statutory or common-law duty to place a child with a relative before the parent's parental rights may be terminated. *Frank R. v. Tex. Dep't of Family & Protective Servs.*, No. 03-09-00436-CV, 2010 WL 1507832, at *3 (Tex. App.—Austin Apr. 13, 2010, no pet.) (mem. op.) (citing *In re C.C.*, No. 02-04-00206-CV, 2005 WL 1244672, at *6 (Tex. App.—Fort Worth May 26, 2005, no pet.) (mem. op.); *In re K.W.*, No. 2-09-041-CV, 2010 WL 144394, at *10 (Tex. App.—Fort Worth Jan. 14, 2010, no pet.) (mem. op.)). To the contrary, Texas courts have consistently held that the Department's "failure to conduct or obtain a home study pursuant to section 262.114 is not a bar to termination." *In re G.B. II*, 357 S.W.3d 382, 384 (Tex. App.—Waco 2011, no pet.) (citing *Frank R.*, 2010 WL 1507832, at *2–3; *In re J.F.*, No. 02-08-00183-CV, 2007 WL 2963690, at *6–8 (Tex. App.—Fort Worth Oct. 11, 2007, pet. denied) (mem. op.); *C.C.*, 2005 WL 1244672, at *7). Further, although "[t]he determination of where a child will be placed is a factor in evaluating the child's best interest. . . . it is not a bar to termination that placement plans are not final or that placement will be with nonrelatives." *C.C.*, 2005 WL 1244672, at *7 (citing *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002)).

Consequently, we find that the trial court did not err in terminating Mother's parental rights without first placing G.B. with a suitable relative caregiver. We overrule Mother's first issue.

## II.    The Trial Court Did Not Err in Admitting the Caseworker's Testimony

During the examination of the Department's caseworker, the following exchange took place:

Q    [By Attorney Ad Litem for the child] Have you also received some letters maybe that [Mother] wrote to [G.B.] that she gave to you to deliver to [G.B.] in this case?

A    Yes.

Q    Were you able to deliver those letters?

A    I emailed them to the foster parent.

Q    And were there some concerning things in those letters?

A    Yes, it was.

Q    What were some of the things that caused you concern?

A    [Mother] explained to [G.B.], as best as she could, that she's sorry she put this man over her. She also stated that she didn't give consent for [G.B.] to leave her bed and go with the paramour, which was Elmer Beard at the time, to take her to what [G.B.] referred to as the booty club. There was other statements in the letters that I don't think [G.B.] would understand that mom wrote to her in regards to either relationships, guys relationships, trying to have [G.B.] either circle yes or no if things were going well, providing phone numbers to [G.B.] and I think some of [Mother]'s paperwork where she had wrote little notes or phone numbers were included with it.

Q    And so based on your reading of that, do you feel like [Mother] has admitted that she knew about the sexual abuse that was going on or should've known?

A    She did.

5

MR. DELK [Attorney for Mother]:    Objection, Your Honor. If there's an admission to make, the admission to be presented as best evidence. Her telling about the admission and paraphrasing is at best hearsay.

In response to Mother's objection, the Department asserted that the statement was a statement against interest, and the attorney ad litem for the child asserted that the statement was an admission of a party opponent. The trial court overruled the objection.

In her second issue, Mother complains that the trial court erred in admitting the statement. Mother contends that the statement was neither an admission nor a statement against interest, but rather inadmissible hearsay. "We review a trial court's ruling admitting or excluding evidence under an abuse of discretion standard." *McCurry v. Farmer*, No. 06-17-00052-CV, 2017 WL 5907712, at *3 (Tex. App.—Texarkana Dec. 1, 2017, no pet.) (mem. op.) (citing *Jones v. Quiroga*, No. 06-17-00016-CV, 2017 WL 3382452, at *4 (Tex. App.—Texarkana Aug. 3, 2017, no pet.) (mem. op.) (citing *Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527–28 (Tex. 2000)). "A trial court abuses its discretion if it 'acted without reference to any guiding rules or principles.'" *Id.* (quoting *Hydrogeo, LLC v. Quitman Indep. Sch. Dist.*, 483 S.W.3d 51, 56 (Tex. App.—Texarkana 2016, no pet.) (quoting *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004) (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985))). "We will uphold the trial court's ruling if there is any legitimate basis for the ruling." *Id.* (citing *Hydrogeo, LLC*, 483 S.W.3d at 56 (citing *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998)).

Initially we note that it is unclear precisely what testimony admitted by the trial court Mother is complaining about. In the "Summary of Argument" section of her brief, Mother appears

6

to be complaining about the caseworker's testimony, set forth above, that summarizes the statements made by Mother in her letters to G.B. Yet, in the "Argument" section of her brief, Mother appears to limit her complaint to the attorney ad litem's question that solicited the caseworker's opinion as to whether Mother admitted that she knew or should have known of the sexual abuse that was going on and its response. We will address both potential complaints.

To the extent Mother complains about the admission of the caseworker's summary of the statements made by Mother in her letters to G.B., this complaint was not preserved for appellate review. In order to preserve a complaint regarding the admission of evidence, Mother was required to make a timely objection. *See* TEX. R. EVID. 103(a)(1)(A); TEX. R. APP. P. 33.1(a)(1). An objection made after the testimony has been elicited is untimely and does not preserve the complaint for appellate review. *See In re O.M.H.*, No. 06-12-00013-CV, 2012 WL 2783502, at *2 (Tex. App.—Texarkana July 10, 2012, no pet.) (mem. op.); *Moon v. Spring Creek Apartments*, 11 S.W.3d 427, 432 (Tex. App.—Texarkana 2000, no pet.). Mother did not object to the caseworker's testimony summarizing the statements made by Mother in her letters to G.B. until after she had completed this testimony and the ad litem had asked another question. Consequently, Mother's objection was untimely, and any complaint regarding that testimony was not preserved. *See Moon*, 11 S.W.3d at 432.

Mother did assert a hearsay objection when the caseworker was asked her opinion regarding whether Mother had admitted that she knew of the sexual abuse. Mother argues that the caseworker's testimony was inadmissible because it was hearsay. Hearsay is defined as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and

7

(2) a party offers in evidence to prove the truth of the matter asserted in the statement." TEX. R. EVID. 801(d). In this case, the caseworker testified at the hearing. Since she testified regarding her present opinion at the hearing, her testimony does not meet the definition of hearsay. *See id.* Consequently, the caseworker's testimony was not hearsay. Therefore, we find that the trial court did not abuse its discretion in overruling Mother's hearsay objection, and admitting the caseworker's opinion testimony. We overrule Mother's second issue.

## III.    Disposition

For the reasons stated, we affirm the trial court's judgment.

Ralph K. Burgess
Justice

Date Submitted:     August 10, 2020
Date Decided:       August 11, 2020