

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00179-CV

## IN THE INTEREST OF M.O., A CHILD

**From the 52nd District Court
Coryell County, Texas
Trial Court No. DC-20-51077**

## MEMORANDUM OPINION

In five issues, the father (Father) of M.O. appeals the trial court's termination of his parental rights. We will affirm.

### Factual Background

After a welfare check at M.O.'s home on May 9, 2020, law enforcement contacted the Department of Family and Protective Services (the Department). Law enforcement and a Department investigator found M.O. and his three siblings living in egregious circumstances, and there were signs that M.O. had been physically abused. The children were living with their mother (Mother) and the father of the youngest child (Stepfather 2). The father of the two middle children (Stepfather 1) was incarcerated.

Father also was incarcerated when the children were removed. Father fled the

State of Texas with an outstanding warrant for a conviction for domestic violence against Mother while M.O. was an infant. Father was subsequently incarcerated in Oregon from March 22, 2019 until April 9, 2021.

At the conclusion of the final termination hearing, the trial court found that Father had violated the Family Code by failing to support M.O., a violation of subsection (F), and by failing to complete court ordered services, a violation of subsection (O). TEX. FAM. CODE ANN. § 161.001(b)(1)(F), (O). The trial court further found that termination was in M.O.'s best interest.

Father is the sole appellant in this case. Mother, Stepfather 1, and Stepfather 2 voluntarily relinquished their parental rights and have not appealed. Father does not seek possessory or managing conservatorship of M.O., but the opportunity to attempt to initiate a relationship with M.O. and to avoid termination of his parental rights.

**Issue One**

In his first issue, Father argues that he was essentially denied the right to counsel because he was not notified of the identity of his appointed attorney in a timely manner.

AUTHORITY

Section 107.013 mandates that counsel be appointed to an indigent parent of a child who responds in opposition to termination of his parental rights by the Department. *See* TEX. FAM. CODE ANN. § 107.013. The statute does not provide a time frame within which counsel should be appointed. *Id.*; *see also In re M.J.M.L.*, 31 S.W.3d 347, 354 (Tex. App.—San Antonio 2000, pet. denied).

DISCUSSION

The record reflects that an attorney was appointed to represent Father, despite issues with notification of the appointment and communication with the attorney. Because Father was provided a court-appointed attorney, and the statute does not provide a time frame within which counsel should be appointed, Father's first issue is overruled. *See* TEX. FAM. CODE ANN. § 107.013; *M.J.M.L.*, 31 S.W.3d at 354.

### Issue Two

In his second issue, Father asserts that the trial court erred when it denied his request to extend the final termination hearing and dismissal date.

AUTHORITY

A trial court's ruling on a motion for extension is reviewed for an abuse of discretion. *In re K.-A.B.M.*, 551 S.W.3d 275, 283 (Tex. App.—El Paso 2018, no pet.). A trial court abuses its discretion when it acts "without reference to any guiding rules or principles." *In re M-I L.L.C.*, 505 S.W.3d 569, 574 (Tex. 2016) (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986)); *see also In re J.S.S.*, 594 S.W.3d 493, 500 (Tex. App.—Waco 2019, pet. denied). The trial court's judgment will be reversed "when it acts arbitrarily, unreasonably, or without reference to legal principles." *Berkel & Co. Contractors, Inc. v. Lee*, 612 S.W.3d 280, 287 (Tex. 2020).

The trial court may maintain a suit on the court's docket after the one-year period mandated by the Family Code if the court makes a finding that "extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the

department as temporary managing conservator is in the best interest of the child."
TEX. FAM. CODE ANN. § 263.401(b). A circumstance such as incarceration is not
necessarily an "extraordinary circumstance" that merits an extension. *See In re M.S.*, 602
S.W.3d 676, 680 (Tex. App.—Texarkana 2020, no pet.) (parent's incarceration generally
viewed as parent's fault and not extraordinary circumstance).

DISCUSSION

Father's attorney did not specifically identify any "extraordinary circumstances"
to justify an extension of the deadlines beyond Father's incarceration as required by the
Family Code. *See* TEX. FAM. CODE ANN. § 263.401(b). As a result, the trial court did not
abuse its discretion in denying the oral request for an extension. Father's second issue
is, therefore, overruled.

**Issue Three**

Father asserts in his third issue that the evidence is factually insufficient to
support a finding that he failed to support M.O. during the period required by
subsection (F). The Department notes that it is not challenging Father's third issue.

AUTHORITY

To support termination under subsection (F), the Department must prove by
clear and convincing evidence that a parent "failed to support the child in accordance
with the parent's ability during a period of one year ending within six months of the
date of the filing of the petition." TEX. FAM. CODE ANN. § 161.001(b)(1)(F).

DISCUSSION

There is nothing in the record to reflect that Father had the ability to support M.O. while he was incarcerated. Father's third issue is sustained.

**Issue Four**

Father's fourth issue challenges the legal and factually sufficiency of the evidence supporting termination of his parental rights under subsection (O).

AUTHORITY

In a proceeding to terminate the parent-child relationship brought under section 161.001, the Department must establish by clear and convincing evidence two elements: (1) that one or more acts or omissions enumerated under section 161.001(b)(1), termed a predicate violation, were committed; and (2) that termination is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(b)(1), (2); *In re S.L.*, 421 S.W.3d 34, 37 (Tex. App.—Waco 2013, no pet.). "Clear and convincing evidence" is defined as "that measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *In re K.M.L.*, 443 S.W.3d 101, 112 (Tex. 2014) (quoting TEX. FAM. CODE ANN. § 101.007).

The standards of review for legal and factual sufficiency in cases involving the termination of parental rights are well established and will not be repeated here. *See In re J.F.C.*, 96 S.W.3d 256, 264-68 (Tex. 2002) (legal sufficiency); *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002) (factual sufficiency); *see also In re J.O.A.*, 283 S.W.3d 336, 344-45 (Tex. 2009). We give due deference to the factfinder's findings and must not substitute our judgment for that of the factfinder. *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006). The

factfinder is the sole judge "of the credibility of the witnesses and the weight to give their testimony." *Jordan v. Dossey*, 325 S.W.3d 700, 713 (Tex. App.—Houston [1st Dist.] 2010, pet. denied).

When no findings of fact or conclusions of law are filed following a bench trial, the trial court's judgment implies all findings necessary to support it. *See Missouri Pacific R.R. Co. v. Limmer*, 299 S.W.3d 78, 84 n.29 (Tex. 2009) (citing *Pharo v. Chambers Cnty.*, 922 S.W.2d 945, 948 (Tex. 1996)); *see also In re D.Z.*, 583 S.W.3d 284, 295 (Tex. App.—Houston [14th Dist.] 2019, no pet.). "[W]here a reporter's record is filed, as in this case, these implied findings are not conclusive, and an appellant may challenge them by raising both legal and factual sufficiency of the evidence issues." *In re G.B. II*, 357 S.W.3d 382, 385 n.1 (Tex. App.—Waco 2011, no pet.). Although the trial court did not file separate findings of fact and conclusions of law in this case, the trial court did make findings and conclusions in the final order of termination.

Subsection 161.001(b)(1)(O) provides that a parent's rights may be terminated if the Department proves by clear and convincing evidence that: (1) the child was removed under chapter 262 of the Texas Family Code for abuse or neglect; (2) the child has been in the permanent or temporary conservatorship of the Department for at least nine months; and (3) the parent failed to comply with a court order specifically establishing the actions necessary for the parent to obtain the return of the child. TEX. FAM. CODE ANN. § 161.001(b)(1)(O); *see also In re V.A.G.*, No. 04-19-00449-CV, 2019 WL 5927451, at *2 (Tex. App.—San Antonio, no pet.) (mem. op.). Father challenges only the third element—that he failed to comply with a court order.

"[W]hether a parent has done enough under the family-services plan to defeat termination under subpart (O) is ordinarily a fact question." *In re S.M.R.*, 434 S.W.3d 576, 584 (Tex. 2014).

> "Texas courts generally take a strict approach to subsection (O)'s application." *In re S.J.R.-Z.*, 537 S.W.3d 677, 690 (Tex. App.—San Antonio 2017, pet. denied) (quoting *In re C.A.W.*, No. 01-16-00719-CV, 2017 WL 929540, at *4 (Tex. App.—Houston [1st Dist.] Mar. 9, 2017, no pet.) (mem. op.)). "Courts do not measure the 'quantity of failure' or 'degree of compliance'" with a court order. *Id.* (quoting *In re D.N.*, 405 S.W.3d 863, 877 (Tex. App.—Amarillo 2013, no pet.)). "A parent's failure to complete one requirement of her family service plan supports termination under subsection (O)." *In re D.D.R.*, No. 04-18-00585-CV, 2019 WL 360657, at *2 (Tex. App.—San Antonio Jan. 30, 2019, pet. denied) (mem. op.) (internal quotation marks and brackets omitted) (quoting *In re J.M.T.*, 519 S.W.3d 258, 267 (Tex. App.—Houston [1st Dist.] 2017, pet. denied)).

*V.A.G.*, 2019 WL 5927451, at *2.

The burden of complying with a court order is on the parent, even if the parent is incarcerated. *Thompson v. Tex. Dep't of Family & Protective Srvs.*, 176 S.W.3d 121, 127 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). In other words, incarceration is not a legal excuse or defense to a parent's failure to comply with a service-plan order. *See K.C. v. Tex. Dep't of Family & Protective Srvs.*, No. 03-17-00184-CV, 2017 WL 3585255, at *2 (Tex. App.—Austin Aug. 17, 2017, no pet.) (mem. op.).

Generally, the only defense to a failure to complete a service plan under subsection (O) is found in section 161.001(d), which provides:

> (d) A court may not order termination under Subsection (b)(1)(O) based on the failure by the parent to comply with a specific provision of a court order if a parent proves by a preponderance of evidence that:
>
> (1) the parent was unable to comply with specific provisions of the court order; and

(2) the parent made a good faith effort to comply with the order and the failure to comply with the order is not attributable to any fault of the parent.

TEX. FAM. CODE ANN. § 161.001(d). The trial court specifically found in its final order of termination that Father had not proved either of the foregoing.

DISCUSSION

Father does not dispute that he did not complete the requirements of the court-ordered family service plan, but argues that he was not provided a reasonable opportunity to comply with the court-ordered family service plan, citing *In re J.W.*, 615 S.W.3d 454, 464 (Tex. App.—Texarkana 2020, no pet.) (quoting *In re A.Q.W.*, 395 S.W.3d 285, 289 (Tex. App.—San Antonio 2013, no pet.)). However, the "reasonable opportunity" is applicable to a violation of subsection (N). There is no such requirement in subsection (O).

Additionally, the record does not reflect that Father was unable to comply with specific provisions of a court order or that the failure to comply with the order is not attributable to any fault on his part. Father testified that he was unable to provide documentation to the Department regarding the services he had completed because he "had too much on his plate." Further, Father testified that he had an active warrant in Texas after he absconded with four months left on his probation and that he had not taken measures to address the warrant. The evidence before the trial court was legally and factually sufficient to support the finding that Father violated subsection (O). Father's fourth issue is overruled.

**Issue Five**

In his fifth issue, Father contends that the evidence is legally and factually insufficient to establish that termination of his parental rights is in M.O.'s best interest.

AUTHORITY

In determining the best interest of a child, a number of factors have been consistently considered which were set out in the Texas Supreme Court's *Holley* opinion. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). This list is not exhaustive, but simply indicates factors that have been or could be pertinent. *Id.* at 372. There is no requirement that all of the factors be proved as a condition precedent to termination, and the absence of evidence regarding some factors does not preclude a factfinder from determining that termination is in a child's best interest. *C.H.*, 89 S.W.3d at 27. Evidence establishing one of the predicate grounds under section 161.001(b)(1) also may be relevant to determining the best interest of the child. *Id.* at 27-28.

DISCUSSION

M.O., who was six years old at the time of trial, did not recognize Father as his father as M.O. had no contact with Father since M.O. was an infant. M.O. believed his Father was in jail and was a bad man, although that belief may have been fostered by Mother and M.O.'s maternal grandmother (Grandmother). After the Department removed M.O. and his siblings, M.O. and his brothers were placed with Grandmother, with whom M.O. had a bond. The caseworker testified that M.O. characterizes Grandmother's home as safe and that M.O. is very attached to his siblings. Grandmother testified that she wanted to adopt all three brothers.

Father and Mother testified that Father had a history of illegal drug use. Father testified that a reason he left Texas, besides the outstanding warrant, was to make a fresh start. However, Father's propensity to criminal behavior accompanied him to Oregon, resulting in his incarceration there for another offense that the caseworker testified had elements of domestic violence. Father also testified that he had a criminal history including a DWI conviction and arrests for burglary of a habitation and assault causing bodily injury/domestic violence in addition to the assault conviction against Mother.

M.O.'s counselor testified that introducing Father into M.O.'s life would be harmful emotionally since Father was basically a stranger to M.O. M.O. was also dealing with the changes and adjustments in his life from being removed from Mother's custody and placed with Grandmother. M.O.'s counselor and the Department caseworker believed that Grandmother provided a safe and suitable home for M.O. and had no concerns with M.O.'s placement in Grandmother's custody. Grandmother desired to adopt all three brothers, and M.O.'s counselor believed it was "very important" that M.O. be included in the adoption. The counselor believed it would be difficult for M.O. to understand why he was not chosen for adoption even though he was residing in the same home. The counselor noted that it would result in M.O. feeling "unloved, unequal, [and] unworthy," that could turn into a lot of issues as he grew older.

The trial court could have found that Father's history of domestic violence and illegal drug use supported a finding that termination was in M.O.'s best interest. *See In*

*re M.R.H.*, No. 10-21-00231-CV, 2021 WL 5638847, at *4 (Tex. App.—Waco Dec. 1, 2021, no pet.) (citing *Ray v. Burns*, 832 S.W.2d 431, 435 (Tex. App.—Waco 1992, no writ) ("Past is prologue.")) (history of domestic violence and illegal drug use). Such a history can contribute to an unstable lifestyle and is relevant in determining present and future danger to a child's physical and emotional well-being. *In re N.J.H.*, 575 S.W.3d 822, 832 (Tex. App.—Houston [1st Dist.] 2018, pet. denied).

Considering all of the *Holley* factors, the evidence was factually and legally sufficient for the trial court to conclude that termination was in M.O.'s best interest. We overrule Father's fifth issue.

## Conclusion

We sustain Father's third issue, overrule Father's first, second, fourth, and fifth issues, and affirm the judgment of the trial court.


MATT JOHNSON
Justice

Before Chief Justice Gray,
  Justice Johnson, and
  Justice Smith,
Affirmed
Opinion delivered and filed April 6, 2022
[CV06]

